Robert W. Reid, LLC
OSB # 81434
breid@ipns.com
208 S.W. First Avenue, Suite 220
Portland, Oregon  97204
tel: (503) 223-7786
fax: (503) 227-2477

Attorney For Defendant GREGORIO GUTIERREZ-MONTES

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| UNITED STATES OF AMERICA, | No. CR 11-467-10 MO |
|---|---|
| Plaintiff, | **DEFENDANT GUTIERREZ-MONTES' MOTION FOR BILL OF PARTICULARS** |
| vs. | |
| GREGORIO GUTIERREZ-MONTES, et al., | |
| Defendants. | |

COMES NOW Defendant Gregorio Gutierrez-Montes, through his attorney Robert W. Reid, and hereby moves the Court to require the Government to file a Bill of Particulars, as set forth below.

This motion is based upon Rule 7 of the Federal Rules of Criminal Procedure; the defendant's Sixth Amendment right to be informed of the nature and cause of the accusation against him, in order that he be able to adequately prepare for, and avoid surprise at, trial; and his Fifth Amendment rights of due process and prohibition of being twice put in jeopardy.

Page 1 — DEFENDANT GUTIERREZ-MONTES' MOTION FOR BILL OF PARTICULARS

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, #220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

Specifically, the defendant moves that the Court require the government to inform the defendant of the following particulars:

**(1) As to the first alleged Object of the conspiracy (A):**

(a) Describe the particular instances (as to date, location and persons involved) that the government alleges that this defendant knowingly possessed with intent to distribute methamphetamine [NOTE: The indictment is attached as Exhibit 1 for convenience.];

(b) Describe the particular instances (as to date, location and persons involved) that the government alleges that any alleged co-conspirators knowingly possessed with intent to distribute methamphetamine, which the government believes were reasonably foreseeable to this defendant but in which this defendant did not personally participate;

**(2) As to the second alleged Object of the conspiracy (B):**

(a) Describe the particular instances (as to date, location and persons involved) that the government alleges that this defendant knowingly distributed methamphetamine;

(b) Describe the particular instances (as to date, location and persons involved) that the government alleges that any alleged co-conspirators knowingly distributed methamphetamine, which the government believes were reasonably foreseeable to this defendant but in which this defendant did not personally participate;

**(3) As to the third alleged Object of the conspiracy (C):**

(a) Identify which telephone calls intercepted or otherwise obtained by the

Page 2 — DEFENDANT GUTIERREZ-MONTES' MOTION FOR BILL OF PARTICULARS

ROBERT W. REID, LLC
*Attorney at Law*
*208 S.W. First Avenue, #220*
*Portland, Oregon 97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

government, and made by or received by this defendant, the government believes were made in the course of and in furtherance of the first (A) or second (B) objects of the conspiracy.

## DISCUSSION

The government has thus far provided in pretrial discovery over 13,000 pages of materials, along with thousands of audio recordings. I have reviewed all of the discovery received thus far (with the exception of listening to most of the recordings). Despite the volume of discovery, I am still unable to ascertain the answers to the request for particulars posed above. This is because, while much raw data has been provided -- including recorded telephone calls and summary line sheets, accumulated GPS data, and warrant applications and affidavits -- the government's theory of culpability as to *this* defendant, and *these* particular questions remains unclear.

The central discovery in this case is the evidence of over 5400 intercepted telephone calls. The government alleged as the third Object of the conspiracy (C) to be that "the conspirators agreed to use communication facilities, including cellular telephones, in committing, causing or facilitating the commission of a controlled substance felony...." [Indictment, pg. 2.] This allegation may allow the government to at least *argue* that all of the telephone calls, whether or not related to intended drug transactions, are relevant and admissible at trial. But the evidence of conspiring to use communication facilities is not necessarily relevant to a particular defendant's involvement in intended drug activity.

Review of discovery, however painstaking and careful, cannot inform the defendant which telephone calls are the basis of the allegation that he conspired to

Page 3 — DEFENDANT GUTIERREZ-MONTES' MOTION FOR BILL OF PARTICULARS

ROBERT W. REID, LLC
*Attorney at Law*
*208 S.W. First Avenue, #220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

possess with intent to distribute, or to distribute methamphetamine, and which were merely relevant to his use a communication facility. Nor does review of discovery provide the defense with more than a rough guess as to the meaning of much of the discovery to *this* defendant. The Indictment does not answer these questions: it alleges only the minimal amount necessary to set forth the charge, with no over acts nor other specificity as to the particulars requested.

These requested specifics are also relevant to the determination of potential sentencing ranges under the advisory United States Sentencing Guidelines, as the specifics of the offense are the focus of far more detail than in the pre-Guideline era. Since the Guidelines are still one factor in sentencing – usually the most important factor in the government's estimation – the requested particulars should be made known to the defendant prior to trial, as sentencing factors are largely dependent upon evidence adduced at trial, in accordance with Apprendi v. New Jersey, 530 U.S. 466 (2000). Related to this concern is the impossibility, under the current Indictment language, for the defendant to fashion a special verdict request to determine which transactions the defendant is responsible for. United States v. Reed, 147 F.3d 1178, 1180-81 (9th Cir. 1998)(determination of objects of conspiracy is appropriate use of special verdict). And telling the defendant that he should wait until *after* the government's case in chief to know the specifics of the government's case against him denies him the ability to meaningfully prepare for trial.

The right of the defendant to be free of the danger of being twice put in jeopardy should not be overlooked, either. Conspiracy is "an elastic, sprawling and pervasive offense" Krulewitch v. United States, 336 U.S. 440, 445 (1948)(Jackson,

Page 4 — DEFENDANT GUTIERREZ-MONTES' MOTION
FOR BILL OF PARTICULARS

ROBERT W. REID, LLC
*Attorney at Law*
*208 S.W. First Avenue, #220*
*Portland, Oregon 97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

conc. opin.).  Should the defendant be acquitted at trial of participation in this vaguely-charged conspiracy, if the government is not required to provide the particulars requested, there would be no bar to his re-prosecution for essentially the same acts couched in a differently-worded set of allegations.

The defendant has a right to determine the specifics of the government's theory of its case, where such specifics are not clearly discernable from discovery. United States v. Ayers, 924 F.2d 1468, 1483 (9th Cir. 1991)(informing defendant of nature of charge with sufficient precision to enable him to prepare for trial, to avoid or minimize danger of surprise at trial, and to enable him to plead acquittal or conviction in bar of another prosecution for the same offense are valid purposes of the bill of particulars).

In conclusion, given the lack of detail in the Indictment, the large volume of discovery, and the lack of any prejudice in requiring the government to reveal to the defendant that which it will reveal at trial, this Motion should be granted.

* * * * * * * * *

RESPECTFULLY SUBMITTED this 14th of June, 2012.

**/s/ Robert Reid (intended as original on electronic filings)**
_____
Robert Reid (OSB #81434)
Attorney for Defendant Gutierrez-Montes

Page 5 — DEFENDANT GUTIERREZ-MONTES' MOTION FOR BILL OF PARTICULARS

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, #220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HUGO GONZALEZ-PASAYE, aka Gordo<br>ADRIAN GONZALEZ-PASAYE<br>DIEGO BERMUDEZ-ORTIZ<br>JOSE GARCIA-ZAMBRANO<br>▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓<br>RICKY LEE VALERO<br>▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓<br>EDWIN MAGANA-SOLIS, aka Meno,<br>   Roberto Lopez-Delgado<br>LINO MERCELO SILVA-MENDOZA, aka<br>   Guero<br>GREGORIO GUTIERREZ-MONTES, aka<br>   Goyo<br>MAURICIO CRUZ-GARCIA, aka Kalamako<br>                    Defendants. | No.<br><br>INDICTMENT  3:11-cr-00467-MO<br><br>21 U.S.C. §§ 841(a)(1), (b)(1)(A), 843(b),<br>and 846<br><br>FILED UNDER SEAL |

THE GRAND JURY CHARGES:

COUNT 1

(Conspiracy to Distribute Controlled Substances and Use Communication Facilities)

Beginning on or before February 2011, and continuing through the date of this indictment, in the District of Oregon and elsewhere, defendants **HUGO GONZALEZ-PASAYE**, aka Gordo; **ADRIAN GONZALEZ-PASAYE**; **DIEGO BERMUDEZ-ORTIZ**; **JOSE GARCIA-ZAMBRANO**; ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Page 1 -    INDICTMENT

EXHIBIT  1 [page1]

▓▓▓ RICKY LEE VALERO; ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓; EDWIN MAGANA-SOLIS, aka Meno, aka Roberto Lopez-Delgado; LINO MERCELO SILVA-MENDOZA, aka Guero; GREGORIO GUTIERREZ-MONTES, aka Goyo; and MAURICIO CRUZ-GARCIA, aka Kalamako did knowingly and willfully combine, conspire, confederate, and agree together and with persons whose identities are known and unknown to the grand jury to carry out the following objects in furtherance of the conspiracy and in violation of Title 21, United States Code, Section 846:

### Objects of the Conspiracy

   A. **Possession with Intent to Distribute Methampetamine**: The conspirators agreed to possess with intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance, or 500 grams or more of a mixture or substance containing a detectible amount of methamphetamine in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A).

   B. **Distribution of Methamphetamine**: The conspirators agreed to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance, or 500 grams or more of a mixture or substance containing a detectible amount of methamphetamine in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A).

   C. **Use of a Communication Facility**: The conspirators agreed to use communication facilities, including cellular telephones, in committing, causing, or facilitating the commission of a controlled substance felony, in violation of Title 21, United States Code, Section 843(b).

Page 2 -    INDICTMENT

EXHIBIT 1 [page2]

## Criminal Forfeiture - Drug Offense

Upon conviction of the controlled substance offense listed above, defendants **HUGO GONZALEZ-PASAYE**, aka Gordo; **ADRIAN GONZALEZ-PASAYE**; **DIEGO BERMUDEZ-ORTIZ**; **JOSE GARCIA-ZAMBRANO**; ▮▮▮▮▮▮▮▮▮▮▮▮; **RICKY LEE VALERO**; ▮▮▮▮▮▮▮▮▮▮▮▮ **EDWIN MAGANA-SOLIS**, aka Meno, aka Roberto Lopez-Delgado; **LINO MERCELO SILVA-MENDOZA**, aka Guero; **GREGORIO GUTIERREZ-MONTES**, aka Goyo; and **MAURICIO CRUZ-GARCIA**, aka Kalamako defendants herein, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violation and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violation, including but not limited to the following assets:

1. **MONEY JUDGMENT**

The sum of $224,000 representing a portion of the proceeds of defendants' criminal activity and/or was used to facilitate defendants' criminal activity and/or was involved

Page 3 -    INDICTMENT

EXHIBIT 1 [page3]

in defendants' criminal activity in violation of Title 21, United States Code, Section 841(a)(1) as set forth in count 1 of this indictment.

Dated this ___29___ day of November 2011.

                                              A TRUE BILL.

                                              OFFICIATING FOREPERSON

Presented by:

S. AMANDA MARSHALL
United States Attorney
District of Oregon

_/s/_____
GEOFFREY A. BARROW
JOHN C. LAING
Assistant United States Attorneys

Page 4 -    INDICTMENT

EXHIBIT 1 [page4]