Robert W. Reid, LLC
OSB # 81434
breid@ipns.com
208 S.W. First Avenue, Suite 220
Portland, Oregon 97204
tel: (503) 223-7786
fax: (503) 227-2477

Attorney For Defendant GREGORIO GUTIERREZ-MONTES

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 11-467-10 MO |
| Plaintiff, | **DEFENDANT GUTIERREZ-MONTES' MOTION TO SUPPRESS ACQUISITION AND USE OF CELLPHONE SITE LOCATION INFORMATION** |
| vs. | |
| GREGORIO GUTIERREZ-MONTES, et al., | |
| Defendants. | |

COMES NOW Defendant Gregorio Gutierrez-Montes, through his attorney Robert W. Reid, and hereby moves the Court to suppress the acquisition and use, including all derivative use, of all data obtained by the government pertaining to Target Cellphone A [503-545-0374][1] which enabled the government to track the location of that cellphone at anytime during the course of the charged conspiracy, including:

---

[1] Acquisition of cell site location information for Target Cellphone A began October 19, 2011; interception of wire and electronic communications relating to Target Cellphone A began October 21, 2011.

Page 1 — DEFENDANT GUTIERREZ-MONTES' MOTION TO SUPPRESS ACQUISITION AND USE OF CELLPHONE SITE LOCATION INFORMATION

**ROBERT W. REID, LLC**
*Attorney at Law*
*208 S.W. First Avenue, #220*
*Portland, Oregon 97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

(a) Such data as was obtained through motions for longitude and latitude date of Target Cellphone A;[2]

(b) Such data as was obtained through the use of Pen Register /Trap and Trace motions pertaining to Target Cellphone A's location;

(c) Such data as was obtained through the use of the wiretap interception motion pertaining to Target Cellphone A's location;

upon the grounds that such information was obtained in violation of the Fourth Amendment.

## I. BACKGROUND

## (A) TWO KNOWN METHODS OF ACQUISITION

The government obtained information, through what is sometimes referred to as "cell site location information" or "precision location data" through two methods known to the defense from discovery.

## (1) Pen Register Motion

First, it requested this information in *Application of the United States of America for an Order: (1) Authorizing the Installation and Use of a Pen Register and a Trap and Trace Device; and (2) Authorizing Release of Subscriber Information and Cell Site Information*, dated October 14, 2011. It should be noted the location information sought is *prospective*, not historical [Bates no. 000619]; it asks for provision of this information on written or oral demand [Bates no. 000624] twenty-four hours a day [Bates no. 000622], for all

---

[2] The defense located in discovery no motions directed solely towards acquisition of longitude and latitude data for Target Cellphone A; there was, however a Return, dated December 2, 2011, entitled *"In the Matter of the Application of the United States of America for an Order Authorizing the Disclosure of Latitude and Longitude Data Relating To A Specified Wireless Telephone"* [Bates no. 000816] under the same case number as the wiretap interception motion discussed herein. The defense assumes this Return relates to that Wiretap motion.

**ROBERT W. REID, LLC**
*Attorney at Law*
*208 S.W. First Avenue, #220*
*Portland, Oregon 97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

outgoing and incoming calls to and from Target Cellphone A [Bates no. 000624].

The Pen Register motion is included with the CD provided with this motion as Motion Exhibit 000617.

**(2) Wiretap Motion**

Second, the government added a request for cell location site information into its October 17, 2011 *Application of the United States of America for an Order Authorizing the Interception of Wire Communications to and from: Target Cellphone A: (503) 545-0374*   A particularized discussion of the contents and shortcomings of both of these sources is set forth *infra*.

The Wiretap Motion is included with the CD provided with this motion as Motion Exhibit 000822, also referred to "*Application"* or "Wiretap Motion."

## II.  DISCUSSION OF PEN REGISTER / TRAP AND TRACE MOTION

**(A)  Constitutional Claim**

The Pen Register Motion relied upon by the government in this case was an unconstitutional method of obtaining cell site location information.  The motion did not set forth probable cause nor require the level of judicial review such a standard entails, nor did it provide for notice – at any time -- to the persons whose interests of free association, first amendment communications and privacy were adversely affected.

**(B)  Statutory Analysis**

The statute authorizing Pen Registers/Trap and Trace devices is Title 18 U.S.C. §3121 *et seq.* [Hereafter "Pen Register Statute."]  The application need not be

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, #220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

under oath, and does not require probable cause.  18 U.S.C. §3122.  The applicant must merely certify that the information likely to be obtained is relevant to an ongoing criminal investigation.  18 U.S.C. §3122(2). The government is entitled to obtain, under a Pen Register order, dialing, routing, addressing and signaling information utilized in the processing and transmitting of wire or electronic communications (but not including contents of the communications).  18 U.S.C. §3121(c). Such information, if incoming, is referred to as acquired by the "pen register;" if outgoing, by the "trap and trace device."  18 U.S.C. §3127(3) and (4).

The problem with the Pen Register statute is that another federal statute, the Communications Assistance to Law Enforcement Act ["CALEA"], at Title 47 U.S.C. §1002(a)(2)(B), specifically prohibits access to location information under the Pen Register statute:

> **"... with regard to information acquired solely pursuant to the authority for pen registers and trap and trace devices (as defined in section 3127 of Title 18), such call-identifying information shall not include any information that may disclose the physical location of the subscriber..."**

## (C)  The Government's "Hybrid" Analysis

By including an *additional* authority in its Pen Register motion, the government hoped to circumvent CALEA, by claiming it would not be acting "solely" under the Pen Register statute.  This is commonly referred to as "hybrid" statutory authorization.  [See citations at *infra*, II(D).]

Thus, the government cites 18 U.S.C. §2703(c)(1)(B) and (c)(2)(D) as its *additional* basis to obtain the cell site location information.  This is the "Stored Communications Act" [SCA], which requires a slightly greater showing than the Pen

Page 4 — DEFENDANT GUTIERREZ-MONTES' MOTION TO SUPPRESS ACQUISITION AND USE OF CELLPHONE SITE LOCATION INFORMATION

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, #220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

Register Statute.  The SCA requires:

> "...specific and articulable facts showing that there are <u>reasonable grounds</u> to believe that the contents of a wire or electronic communication, or the records or other information sought, are <u>relevant</u> and <u>material</u> to an ongoing criminal investigation."

[Emphasis added.]  Title 18 U.S.C. 2703(c)(2)(D).

But the SCA authorizes the government only to obtain from the provider of an electronic communication service "a record or other information pertaining to a subscriber to or customer of such service...."  18 U.S.C. §2703(c)(1).  It does not specifically authorize cell site location information.  It is in only in combination with the Pen Register Statute, which allows acquisition of "dialing, routing, addressing and signaling information" [18 U.S.C. §3121(c)] that the government has even *arguable* authority to obtain cell site location information.[3]

And, more to the point, neither statute requires the probable cause necessary to meet Fourth Amendment concerns.  The government is well aware of this problem, and at least tangentially addressed it in its (Wiretap) *Application*, page 8, footnote 1, where it stated:

> **"In requesting cell site information, the Government does not concede that such cell site records – routinely retained by wireless carriers as business records – may only be obtained via a warrant issued on probable cause.  *See In re Application,* 460 F. Supp 2d 448 (S.D.N.Y. 2006)(authorizing prospective acquisition of cell-site records under combined authority of 18 U.S.C. §§2703(d) & 3121 et seq.).**

[Motion Exhibit 1, "*Application,*" at Bates no. 000829.]

---

[3] The government specifies, on page 2, footnote 3, of its Pen Register motion [Bates no. 000618] what the SCA includes in its definition of obtainable "subscriber information," at 18 U.S.C. §2703(c)(2); this does not include cell site location information.

***ROBERT W. REID, LLC***
*Attorney at Law*
*208 S.W. First Avenue, #220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

**(D) Caselaw is Contrary to Government's Position**

The government cites to a distinct minority of judicial thought on the matter, however.  Most courts reject the government's "hybrid" use of the statutes to obtain highly intrusive information which in essence turns a cellphone into a human tracking device.  To attempt to avoid a too-lengthy discussion of the issue, counsel will confine the caselaw discussion to only those cases decided *after* that cited by the government.

(1) In re United States for Historical Cell Site Data, 747 F.Supp.2d 827 (S.D.Tex. 2010).

In this case, the government sought *historical*, not prospective location data over a two month period, whether the telephone was in use or not.  The Court noted that it had previously granted such requests, but recent developments in both technology and caselaw warranted a change of course.  *Id.*, at 830.  Notably, dramatic advances in location technology, even within the past five years, now allow increasingly specific location information.  For example, Global Positioning Systems (GPS) can achieve spatial resolution typically within ten meters.  *Id.* at 830, 832.  Another location method involves network-based location, determined by the relative position of the telephone user within an array of cell sites, which themselves are constantly being reduced in size as more cell sites are installed, allowing for more precise location.  This is especially true in urban areas, where this technology can pinpoint a cellphone on a particular floor of a building, or in an individual home or office.  *Id.* at 832-33.  The use of "microcells," or "picocells" or "femtocells" allows location of a cellphone user to a particular room within a building.  *Id.*, at 834.  And by

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, #220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

correlating precise times and signal angles, a service provider can pinpoint the latitude and longitude of the cellphone user to an accuracy of within 50 meters or less. *Id.* The court concluded as a matter of law that cell site information reveals non-public information about constitutionally protected spaces, *Id.* at 836, and that even *historical* cell site records are entitled to the protection of the Fourth Amendment. *Id.* at 836, citing to <u>United States v. Maynard</u>, 615 F.3d 544 (D.C. Cir. 2010)(finding historical cell site date entitled to constitutional protection under an extended surveillance rationale). Nor, the court held, was cell site information "voluntarily" conveyed such as to render it unworthy of constitutional protection. *Id.* at 843.

(2) <u>In re Application of United States for and order: (1) Authorizing Use of a Pen Register and Trap and Trace Device, (2) Authorizing Release of Subscriber and Other Information, (3) Authorizing Disclosure of Location-Based Services</u>, 727 F.Supp.2d 571 (W.D.Tex. 2010).

In this case, the court addressed the "hybrid" statutory scheme as utilized by the prosecution in Mr. Gutierrez-Montes' case. Here, as well, the prosecution sought both real-time and historical cell site location information. This court surveyed opinions by other courts and concluded that "a strong majority of them" required constitutionally-based probable cause for acquisition of cell site location information. *Id.*, at 574. This court also noted that:

> "Numerous cases have already exhaustively reviewed the Government's hybrid argument, and there is no need to restate the various failings courts have found with it."

*Id.* at 575 (citations omitted). It also found that several courts have determined that using cell site location information to track a person amounted to a search, requiring Fourth Amendment protections. *Id.*, at 576. The court stated that

**ROBERT W. REID, LLC**
*Attorney at Law*
*208 S.W. First Avenue, #220*
*Portland, Oregon 97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

the use of a cellphone to track a person meets the definition of its use as a "tracking device" under 18 U.S. C. § 3117(b). *Id.*, at 579. "The significance is that if cell phones squarely meet the definition of 'tracking devices' it is time to stop treating them as something else, at least when the Government seeks to use them to track a person's movements. *Id.*, at 580.

(3)  In re Application of United States for an order relating to Target Phone 2, 733 F.Supp.2d 939 (N.D.Ill. 2009)

Here, the government sought real-time (i.e. prospective) cell site location information, without a showing of probable cause, as in the instant case. The government's application articulated specific facts showing that there were reasonable grounds to believe the information requested was relevant and material to an ongoing criminal investigation, similar to the instant case. *Id.*, at 939. The government utilized the same "hybrid" statutory argument as in this case, as well. *Id.*, at 941. This court, too, noted that a majority of courts have required probable cause for prospective acquisition of cell site location information. *Id.*, at 941.

(4)  In re United States for an Order Directing a Provider of Electronic Communication Service to Disclose Records to Government, 534 F.Supp.2d 585 (W.D.Pa. 2008)

As in the instant case, the prosecution here sought real-time, *prospective*, cell site information. In this lengthy opinion, the court concurred that "a significant majority of Courts" have rejected the "hybrid" theory which purports to combine the Pen Register Act with the Stored Communications Act (SCA) to permit access to cell site information on a showing of less than probable cause, finding this theory contrary to legislative intent as well as unconstitutional. *Id.*,

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, #220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

at 609-611. "This Court need not tarry on this widely – and rightly – refuted contention." *Id.*, at 609. Finding that location information was extraordinarily personal, entailing the rights of privacy and free association, the court emphasized the importance of accountability and judicial review in allowing access to that information. *Id.*, at 586-87. The court analyzed, at length, several federal statutes and concluded that utilizing cell site location information effectively turned a cell phone into a tracking device. *Id.*, at 602. It held, further, that the sought location information was entitled to a reasonable expectation of privacy, that most people are unaware of the behind the scenes use of this information, and that location information can be revealed only with a neutral judicial determination of probable cause. *Id.*, at 611.

(5)  In re Application of United States for Order, 497 F.Supp.2d 301 (D. Puerto Rico 2007).

Here, the government made a limited request for information regarding cell site location information, including cell tower information during the call itself. As in the instant case, the government proposed as its authority the "hybrid" statutory analysis. *Id.*, at 305. This court noted that it was important that the government was *not* requesting cell site information when the cell phone was turned on but no call was in progress, nor triangulation information, nor GPS information. *Id.*, at 303. The court noted nine cases between 2005 and 2006, which adhered to the majority opinion that cell site location information could not be obtained on a showing of less than probable cause. *Id.*, at 303-304. As other courts have held, this court too held that when a cell phone is used to

ROBERT W. REID, LLC
Attorney at Law
208 S.W. First Avenue, #220
Portland, Oregon 97204
breid@ipns.com
(503) 223-7786 / Fax (503) 227-2477

track a person's whereabouts, it falls within the meaning of a tracking device under 18 U.S.C. §3117(b).  After a lengthy statutory analysis, the court determined that the statutes used by the government's "hybrid" model do not authorize the provision of cell site location information on a showing of less than probable cause.  *Id.*, at 311-112.

(6)  In the matter of An Application of the United States of America for an Order Authorizing Disclosure of Location Information of a Specified Wireless Telephone, No. 10-2188-SKG, United States District Court, District of Maryland, Southern Division, decided August 3, 2011 (page numbers not available in on-line Memorandum Opinion)

In this case, the government sought to obtain cell site location information in order to determine the location of a fugitive for whom an arrest warrant was issued.  The court ruled that prospective cell location data could be obtained only with a showing of probable cause.  It noted that a majority of courts required probable cause to access such location data.  It set forth the substantial difference between short- and long-term surveillance, and distinguished between vehicle tracking and tracking of a person.  It found that people have a reasonable expectation of privacy in their personal movements, citing United States v. Maynard, 615 F.3d 544, 562 (D.C. Cir. 2010) (the whole of a person's movements over the course of a month is not actually exposed to the public and is therefore protected by the Fourth Amendment); U.S. v. Bailey, 628 F.2d 937, 949 (6th Cir. 1980)(privacy of movement itself is deserving of Fourth Amendment protections); United States v. Moore, 562 F.2d 106, 110 (1st Cir. 1977)(citizens have a reasonable expectation of privacy in their movements, and that the possibility of being followed about in public

Page 10 — DEFENDANT GUTIERREZ-MONTES' MOTION TO SUPPRESS ACQUISITION AND USE OF CELLPHONE SITE LOCATION INFORMATION

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, #220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

by governmental agents does not mean that they anticipate that their every movement will be continuously monitored by a secret transmitter).  It concluded that the government may obtain location information which effectively turns a cellphone into a tracking device, but to do so it must comply with the Fourth Amendment' probable cause requirement.

**(E)  Summary of Caselaw: Failure of Probable Cause**

In short, the Pen Register motion was a warrantless seizure without probable cause.  The government bears a heavy burden on demonstrating that exceptional circumstances justified a departure from the normal procedure of obtaining a warrant. United States v. Delgadillo-Velasquez, 856 F.2d 1292, 1298 (9th Cir. 1988).

**(F)  The Pen Register Motion Fails to Establish Probable Cause**

The government made no effort to set forth probable cause in its application, relying instead upon "certifying" relevance [Motion Exhibit 000617, at Bates no. 000619] and "reasonable grounds" as to relevance and materiality [Motion Exhibit 000617, at Bates no. 000622].  But even with this lower standard, the government proves little more than a basis to obtain the *traditional* Pen Register information, *not* cell site location information.  The critical parts of the Application Affidavit are as follows:

**(a) Pen Register Motion, Para. 11** [Motion Exhibit 000617, at Bates no. 000630]:  In the affiant's experience, subscriber data including toll data from numbers obtained by pen register (outgoing) and trap and trace device (incoming) has yielded information that is relevant and material to criminal investigations; he then details how traditional pen register/trap and trace devices can help in investigations.  This

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, #220*
*Portland, Oregon  97204*
*breid@jpms.com*
*(503) 223-7786 / Fax (503) 227-2477*

says nothing about cell site location information.

**(b) Pen Register Motion, Para. 13** [Motion Exhibit 000617, at Bates no. 000630-631]: Here, the affiant notes that obtaining subscriber names, address, dates of birth, social security and driver's license numbers, contact names and numbers, employment information and method of payment are critical. These are all traditionally permissible under either the Pen Register statute or the CSA, but are *not* cell site location information.

**(c) Pen Register Motion, Para. 14** [Motion Exhibit 000617, at Bates no. 000631]: Here affiant states, in full:

> "The general geographic location of the Subject Telephone derived from stored cell site information used by the Subject Telephone can be used to corroborate the observations of surveillance detectives. More specifically, surveillance detectives can compare physical observations of the user of the Subject Telephone with stored cell site information in order to verify the identification and location of the user of the Subject Telephone. Knowing the geographic location of the Subject Telephone via the stored cell site records *will possibly* provide me with information leading to the discovery of "stash houses," meeting places, and other relevant locations. The location of the Subject Telephone *could also* assist me in determining transportation sources and other conspirators of the drug trafficking cell who meet with Hugo GONZALEZ-Pasaye, Adrian GONZALEZ-Pasaye, and other targets of this investigation." [Emp. added in italics.]

While the affiant is entitled to reasonable credit for his training and experience, he has been involved in only four investigations "involving the use of wire and electronic interceptions" [Affidavit, p. 2, para. 2; Bates no. 000627], but has set forth *no* experience with acquisition or use of cell site location information. [Cell site location information is excluded from the Wiretap Act: 18 U.S.C. §2511(2)(h)(1)]. Statements that cell site location information "will possibly provide me with

ROBERT W. REID, LLC
*Attorney at Law*
*208 S.W. First Avenue, #220*
*Portland, Oregon 97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

information" and "could also assist me," as used above, add up to nothing more than surmise or hope, not a factual basis showing probable cause.  United States v. Ramos, 923 F.2d 1346, 1354 (9th Cir. 1991)(probable cause cannot be based on tenuous or speculative basis).

**(G) Standing**

The defendant has standing based upon the factual posture of the allegations against him, which constitute judicial admissions on the part of the government.  The government has charged Mr. Gutierrez-Montes, as well as the primary user of Target Cellphone A, with conspiracy to use communication facilities to facilitate the commission of a controlled substance felony. This is an offense which, by its nature, requires both a caller and a recipient.  The conspiracy charge alone constitutes a formal arrangement which the government cannot allege for the purpose of charging, but deny for the purpose of challenging standing.

The defendant need not have any proprietary interest in Target Cellphone A. Rakas v. Illinois, 439 U.S. 128, 143 (1978)(no recognizable property interest need be stated to assert standing, if legitimate expectation of privacy); United States v. Robertson, 606 F.2d 853 (9th Cir. 1979)(defendant need not have proprietary interest in home of another to contest search).

Moreover, it is the alleged "formalized arrangement," albeit one formalized by the government in the charging instrument alleging mutual use of the Target Cellphone, which recognizes defendant Gutierrez-Montes' privacy interest in information relating to the cellphone.  United States v. Broadhurst, 805 F.2d 849, 852 (9th Cir. 1986)(formalized arrangement between persons sufficient to support

Page 13 — DEFENDANT GUTIERREZ-MONTES' MOTION TO SUPPRESS ACQUISITION AND USE OF CELLPHONE SITE LOCATION INFORMATION

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, #220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

expectation of privacy).  The formal allegation of conspiracy to use a communication

facility -- which by its nature requires both a caller and recipient – provides a basis for

standing for both parties.  United States v. Pollock, 726 F.2d 1456, 1465 (9th Cir.

1984)(Arrangement of joint control or use of place searched may confer standing on

all involved parties).

Additionally, joint use of an object or place, here Target Cellphone A, may

confer a reasonable expectation of privacy based upon the formal arrangement, i.e.,

as here set forth in the indictment.  United States v. Taketa, 923 F.2d 665, 671 (9th

Cir. 1991).

Finally, properly conducted government seizures (here, of the cell phone

location information) must respect the privacy interests of other affected parties

(here, defendant Gutierrez-Montes).  Steagald v. United States, 451 U.S. 204, 212-213

(1981)(use of arrest warrant to enter residence of person who was not the subject of

the warrant insufficiently respected rights of party not named in warrant).

## III.  DISCUSSION OF WIRETAP MOTION
## AS BASIS FOR CELL SITE LOCATION INFORMATION

### (A) The Government's Attempt to Use the Wiretap Order to Obtain Cell Site Location Information

The government, in its *Application For Order Authorizing Interception of Wire*

*Communications* (Target Cellphone A), dated October 17, 2011 [Motion Exhibit

000822], weaves requests for cell site location information right into its list of

requests for the issuing Court to make:

> **(a) At page 8 [Bates no. 000829]**, it requests that "the Court issue an Order
> authorizing agents of the DEA, the Westside Interagency Narcotics Team

*ROBERT W. REID, LLC*

*Attorney at Law*
*208 S.W. First Avenue, #220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

Page 14 — DEFENDANT GUTIERREZ-MONTES' MOTION
TO SUPPRESS ACQUISITION AND USE OF CELLPHONE
SITE LOCATION INFORMATION

(WIN), and the Federal Bureau of Investigation (FBI) to ascertain the physical location of Target Cellphone A, including but not limited to E-911 phase II data or other precise location information concerning Target Telephone A (the "Requested Location Information"), during the authorized period of interception";

**(b) At page 9 [Bates no. 000830]**, it asks the court to "direct Sprint Nextel to disclose the Requested Location Information concerning Target Cellphone A during the authorized period of interception, and to initiate a signal to determine the location of Target Cellphone A on the service provider's network or with such other reference points as may be reasonably available and at such intervals and times as directed by the law enforcement agent serving the proposed order... at any time of day or night, owing to the potential need to locate Target Cellphone A outside of daytime hours."

**(c) At page 78, paragraph 182 [Bates 000914]**, it asks, pursuant to 18 U.S.C. 2703(c)(1)(B), "that the Court order that Sprint/Nextel, and all providers of electronic communications service as defined in Title 18, United States Code, Section 2510(15), disclose to the applicant, the DEA and any duly deputized law enforcement officers forthwith all published and non published subscriber information and toll records and information pertaining to the telephone numbers used, if any, which may be requested in furtherance of this investigation, within twenty four (24) hours of said request, there being reason to believe that the contents of the information sought are relevant and material to legitimate law enforcement inquiry, as set forth fully in this affidavit."

## **(B) The Court's Order Fails to Make Sufficient Findings of Probable Cause**

The Court's *Order Authorizing Interception of Wire Communications* -- while apparently drafted by the government and presented to the Court -- nevertheless fails to make appropriate findings of probable cause as to the cell site location information request. [The Order does address probable cause as to the *wire interceptions*, which are statutorily unrelated to *cell site location information*.]

The essential probable cause findings are as follows:

(a) *Order*, page 1-2 [Motion Exhibit 000822, at Bates 000916-917]: The court finds probable cause that the listed persons have committed, are committing, and will continue to commit the listed offenses;

(b) *Order*, page 2-3 [Motion Exhibit 000822, at Bates 000917-18]: The court finds probable cause to believe that the wire communications of the persons

Page 15 — DEFENDANT GUTIERREZ-MONTES' MOTION TO SUPPRESS ACQUISITION AND USE OF CELLPHONE SITE LOCATION INFORMATION

*ROBERT W. REID, LLC*

*Attorney at Law*
*208 S.W. First Avenue, #220*
*Portland, Oregon 97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

listed will be obtained, and that the interceptions will concern the specifics of the listed crime;

(c) *Order*, page 4 [Motion Exhibit 000822, at Bates no. 000919]: The court finds that Target Cellphone A is being used, and will continue to be used in the commission of the listed crimes.

_____All told, there is simply no finding whatsoever supporting probable cause that

*cell site location information* will be relevant or material, or that there is probable cause (or

even any lesser showing) that any cell site location information will be probative of

any of the listed offenses.

## (C) The Court's Order Does Not and Cannot Make up for Lack of Probable Cause:

At page 4 of the *Order*, the issuing court authorizes various actions, as follows.

**(a)** *Order***, page 4 [Motion Exhibit 000822, at Bates no. 000919]:** agents are authorized to intercept wire communications;

Impact: This has no applicability to cell site location information.

**(b)** *Order***, page 5 [Motion Exhibit 000822, at Bates no. 000920]**: Sprint Nextel is ordered to provide to the DEA information pertaining to Target Cellphone A, including toll and subscriber information;

Impact: This has no relevance to cell site location information, nor could the Wiretap

Act's provision [§2518(4)] authorize acquisition of cell site location information;

**(c)** *Order***, page 6 [Motion Exhibit 000822, at Bates no. 000921]**: orders Sprint Nextel to provide "all published and non-published subscriber information and toll records within 24 hours of request;

Impact: This paragraph cites to a provision of the Stored Communications Act

(SCA), discussed at length in the Pen Register motion argument, *supra*: but this statute

does not authorize acquisition of cell site location information itself; it pertains only

to "a record or other information pertaining to a subscriber to or customer of such

service...." 18 U.S.C. §2703(c)(1).

Page 16 — DEFENDANT GUTIERREZ-MONTES' MOTION TO SUPPRESS ACQUISITION AND USE OF CELLPHONE SITE LOCATION INFORMATION

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, #220*
*Portland, Oregon 97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

**(d)** *Order*, **page 6 [Motion Exhibit 000822, at Bates no. 000921]:** orders Sprint Nextel to enter telephone numbers into the Pen Register and/or SMART system as to originating and terminating cell site information;

Impact:  As noted in the Pen Register motion discussion, *supra,* the Pen Register statute is specifically prohibited by Title 47 U.S.C. §1002(a)(2)(B) from being used as the basis for accessing cell site location information.

**(e)** *Order*, **pages 7-8 [Motion Exhibit 000822, at Bates no. 000922-923]:** agents are authorized to ascertain the physical location of Target Cellphone A by use of E-911 Phase II or other precise location information;

Impact:  This ruling alone, however, does not support acquisition of location information in the absence of showing of probable cause, which simply was not done in this wiretap application.

**(f)** *Order*, **page 8 [Motion Exhibit 000822, at Bates no. 000923]:** orders Sprint Nextel to initiate a signal when directed by law enforcement, anytime day or night as requested, to assist in determining the location of Target Cellphone A;

Impact:  As with the previous section, this order is only as valid as the probable cause upon which it is based which is entirely lacking.

**(D) The Wiretap Interception Affidavit Fails to Establish Probable Cause for Acquisition of Cell Site Location Information**

The bulk of the government's statements concerning probable cause relate solely to the evidence likely to be obtained from wire interceptions, not cell site location information.  This is logical, as this is a *wiretap* application into which a request for location information was unobtrusively inserted.

The affidavit does mention precision location data (from other cellphones apparently used previously, but not in the context of demonstrating how it will be probative of criminal activity *prospectively,* but in other contexts, such as identification

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, #220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

of Hugo and Adrian Gonzalez-Pasaye as being involved in calls intercepted by the Phoenix DEA about a year and a half prior to the use of Target Cellphone A [Motion Exhibit 000822 (Affidavit, p. 15, para. 37) at Bates no. 000851]; and relating to the surveillance of one Dale Christianson, not a user of Target Cellphone A [Motion Exhibit 000822 (Affidavit, p. 24, para. 63) at Bates no. 000860]; and relating to the location of Adrian Gonzalez-Pasaye going to an address in Long Beach, California [Motion Exhibit 000822 (Affidavit, p. 26, para. 66) at Bates no. 000862]; and mentioning the location of Sergio Alejandro-Lopez in March of 2011, in the context of explaining why controlled buys were an inadequate tool for law enforcement [Motion Exhibit 000822 (Affidavit, p. 59, para. 135) at Bates no. 000895]; and mentioning connection of Hugo Gonzalez-Pasaye with subject Rosas-Ramirez, in the context of explaining why physical surveillance was an inadequate law enforcement tool [Motion Exhibit 000822 (Affidavit, p. 64, para. 146) at Bates no. 000900].  The only remaining claims as to probable cause are those [Motion Exhibit 000822 (Affidavit, p. 5-6, para. 8-9) at Bates no. 000841-42], in which the affiant makes unsupported conclusory claims which amount only to speculation.  As noted in the previous argument, this affiant has been involved in only four previous investigations involving wire interceptions, and has *no* stated experience in previous cases any involving cell site location information. [Motion Exhibit 000822 (Affidavit, p. 2, para. 2) at Bates no. 000627].  United States v. Ramos, 923 F.2d 1346, 1354 (9th Cir. 1991)(probable cause cannot be based on tenuous or speculative basis).

## IV.  OVERALL CONCLUSION

The government has no legal authority to obtain cell site location information

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, #220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

on a showing of less than probable cause in its Pen Register motion; nor was probable cause stated in any event. The wiretap interception statutes do not permit acquisition of cell site location information. The wiretap interception application presented by the government did not establish probable cause for acquisition of cell site location information; to the extent that the government argues otherwise, the issuing court's findings do not support probable cause.

Cell site location information was essential in this particular defendant's case. The defense requests an evidentiary hearing to determine the full extent of direct and derivative use by the government.

* * * * * * * * * *

RESPECTFULLY SUBMITTED this 14th day of June, 2012.

**/s/ Robert Reid (intended as original on electronic filings)**

Robert Reid (OSB #81434)
Attorney for Defendant Gutierrez-Montes

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, #220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*