Robert W. Reid, LLC
OSB # 81434
breid@ipns.com
208 S.W. First Avenue, Suite 220
Portland, Oregon  97204
tel: (503) 223-7786
fax: (503) 227-2477

Attorney For Defendant GREGORIO GUTIERREZ-MONTES

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>GREGORIO GUTIERREZ-MONTES, et al.,<br><br>    Defendants. | No. CR 11-467-10 MO<br><br>**DEFENDANT GUTIERREZ-MONTES' MOTION TO SUPPRESS FRUITS OF STOP, SEARCH AND ARREST OF DEFENDANT** |

COMES NOW Defendant Gregorio Gutierrez-Montes, through his attorney Robert W. Reid, and hereby moves to suppress the fruits of the stop, search and arrest of the defendant on November 18, 2011, including all evidence derived therefrom[1], upon the grounds that the stop, search and arrest of the defendant violated the Fourth Amendment.

---

[1] Statements made during illegal detention are inadmissible, even though voluntarily given, if they are the product of the illegal detention and not the result of an independent act of free will. Dunaway v. New York, 442 U.S. 200, 218-219 (1979); Brown v. Illinois, 422 U.S. 590, 601-602 (1975); Wong Sun v. United States, 371 U.S. 471 (1963).

Page 1 — DEFENDANT GUTIERREZ-MONTES' MOTION TO SUPPRESS FRUITS OF STOP, SEARCH AND ARREST OF DEFENDANT

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, #220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

The defendant requests an evidentiary hearing on this motion.

* * * * * * * * * *

### (1) GENERAL BACKGROUND

On November 18, 2011, Defendant Gregorio Gutierrez-Montes was driving a Red Toyota Solara on interstate highway I-5 northbound. At approximately 7:55 a.m., Oregon State Police (OSP) trooper Ledbetter switched on his on-dash video camera and signaled for the defendant to stop by engaging the overhead lights in his marked police vehicle. Mr. Gutierrez stopped on the shoulder of the highway in the vicinity of milepost 87. At the time of the stop, according to the police video, the weather was rainy, possibly with freezing rain. Defendant Gutierrez was held for over three and one-half hours, during interrogation and search procedures. Near the end of that period, a hidden container was found built into a wheel well of the automobile, located only after the vehicle was hoisted up by a tow truck; in that compartment were secreted close to ten pounds of methamphetamine. At that point, the defendant was arrested on drug charges.

In all respects, the troopers reported the stop and investigation as a traffic stop. Troop Ledbetter also noted in his report that he had received a report that the vehicle "may be carrying contraband." The reports of the troopers, however, do not indicate that probable cause as to the existence of that contraband was any part of their motivation to stop and search the defendant, nor do they suggest any belief that the defendant had committed or was committing any crime. Their reports represent the entire encounter as a traffic stop. Trooper Ledbetter specifically reports that his reason to search defendant's vehicle was based upon observations made during the

Page 2 — DEFENDANT GUTIERREZ-MONTES' MOTION TO
SUPPRESS FRUITS OF STOP, SEARCH AND ARREST
OF DEFENDANT

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, #220*
*Portland, Oregon 97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

stop of the vehicle.[2]

At the same time the defendant was stopped, a grey Toyota Corolla driven by co-defendant Edwin Magana-Solis, was also ordered (by another OSP trooper) to stop. Magana-Solis' vehicle came to a stop a short distance ahead of defendant Gutierrez' automobile. One or both troopers appear (based upon the video) to have had drug-sniffing dogs with them at the time of the stop. Eventually, over the course of the stop, the dogs were deployed on different occasions to search all portions of defendant Gutierrez' vehicle.

Defendant Gutierrez spoke and understood very little English, nor did either trooper speak Spanish. Trooper Ledbetter did not report verbatim statements of the defendant, but instead repeatedly noted what he believed the defendant meant "in substance," and also reported that the defendant spoke "limited English." The video shows that Trooper Ledbetter used hand gestures as part of his attempt to communicate. The troopers, over the course of the three and one-half hour stop, made no attempt to obtain an interpreter to enable accurate communication between the defendant and the police. Trooper Ledbetter's reported interpretations of what defendant Gutierrez said and understood is very different from the defendant's view

---

[2] The officer's subjective motivation for making a stop is irrelevant. Whren v. United States, 517 U.S. 806, 811-12 (1996)(except in inventory search context). Nevertheless, these troopers cannot likely testify as to the basis of probable cause. Further, the defense subpoenaed from the OSP "(3) A true copy of notes, reports or other memoranda setting forth the content of communications from or to any other law enforcement agency prior to the stops and arrests, that Gregorio Gutierrez Montes and/or Edwin Magana Solis may have been involved in illegal drug activity." The state refused to comply with the subpoena after conferring with the AUSA in this case; that AUSA agreed to provide the subpoenaed documents to the defense in discovery. The government provided nothing as to this item.

Page 3 — DEFENDANT GUTIERREZ-MONTES' MOTION TO SUPPRESS FRUITS OF STOP, SEARCH AND ARREST OF DEFENDANT

ROBERT W. REID, LLC
*Attorney at Law*
208 S.W. First Avenue, #220
Portland, Oregon 97204
breid@ipns.com
(503) 223-7786 / Fax (503) 227-2477

of those same events.  The defendant went through the ninth grade (equivalent) in Mexico and does not speak English sufficiently to have understood most of what the officer said to him, nor can he communicate well in English.

From the commencement of this stop, it was objectively clear that the defendant was required to stop his vehicle and obey directions of the troopers as to when and where he could move, when he was required to remain in his vehicle, and what he was required to do in all respects. The defendant signed a bi-lingual consent form (to search). The defendant believed, given the circumstances of the encounter as well as what he understood the trooper to have said, that he was required to sign the consent form, and did not have time to read it carefully, even if he could have understood its terms or import.  All within 60 seconds, the trooper handed the form through the passenger window of defendant's vehicle to the defendant; the defendant shifted from the driver's seat to the passenger seat, the defendant accepted the pen handed through the window from the trooper, the defendant signed the form, then handed the form back to the trooper.  The defendant continues to believe that the trooper ordered him to sign the form.

The encounter was video taped and audio-recorded; the prosecution has represented to the defense that the audio recording malfunctioned, so there is no recording available, assuming the government received correct information from the state police.

Other details of the stop, search, and investigation, as relevant to specific issues, are set forth in the next section; others will be elicited at an evidentiary hearing.

Page 4 — DEFENDANT GUTIERREZ-MONTES' MOTION TO SUPPRESS FRUITS OF STOP, SEARCH AND ARREST OF DEFENDANT

ROBERT W. REID, LLC
*Attorney at Law*
208 S.W. First Avenue, #220
Portland, Oregon  97204
breid@ipns.com
(503) 223-7786 / Fax (503) 227-2477

## (2) DISCUSSION

The government may argue that this stop was based upon probable cause, because the troopers making the stop were told that the defendant's vehicle "may be carrying contraband." But such a statement is true of *any* vehicle; a mere possibility does not rise to probable cause either to arrest or to search. United States v. Thomas, 211 F.3d 1186, 1189-90 (9th Cir. 2000)(*possibility* that there *might* be narcotics is speculation, not probable cause). Probable cause to arrest requires that "at the moment of arrest the facts and circumstances within the knowledge of the arresting officers and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." United States v. Jensen, 425 F.3d 698, 704 (9th Cir. 2005)(citation omitted). Probable cause to search a vehicle without a warrant is found only if the facts legally known by the troopers would warrant a man of reasonable caution in the belief that an offense has been or is being committed, or that the vehicle contained contraband. United States v. Wanless, 882 F.2d 1459, 1464 (9th Cir. 1989)(citations omitted).

The government may also argue that the search was based upon either consent or probable cause which developed during the investigatory traffic stop. None of these rationales supports the police action in this case.

The burden is upon the government to establish that consent was freely and voluntarily given. Florida v. Royer, 460 U.S. 491 497 (1983). The defendant's alleged consent was given during the course of police-directed investigation in which all attempted communications were in English, a language which the defendant does not

Page 5 — DEFENDANT GUTIERREZ-MONTES' MOTION TO
SUPPRESS FRUITS OF STOP, SEARCH AND ARREST
OF DEFENDANT

ROBERT W. REID, LLC
*Attorney at Law*
*208 S.W. First Avenue, #220*
*Portland, Oregon 97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

speak sufficiently to conduct even minor affairs. The police could have brought in an interpreter during the three and one-half hour encounter, but chose to make no such arrangement. Their interpretations of what the defendant either said or meant should be accorded no weight.

Nor did probable cause to search develop during the traffic stop. The trooper noted in his report that in the defendant's wallet (which he reported was searched with consent of the defendant, again contrary to the defendant's view), the defendant kept a picture of Santa Muerte, which the trooper claimed is indicia of a person being involved in large scale drug trafficking. In fact, Santa Muerte has been worshiped in Mexico by people from all walks of life since precolumbian times and, since the 18th Century, as an element of Catholic worship in Mexico. Santa Muerte is accepted by the Iglesia Santa Católica Apostólica Tradicional Mexico-USA, the Catholic church of Mexico, with millions of non-drug trafficking members. The use of one's religious talismans as indicia of criminal activity, moreover, violates the First Amendment. In any event, even if defendant Gutierrez were an admitted drug trafficker, probable cause has a temporal element which is not satisfied by what the police *believe* is an indicia of membership in a drug-trafficking cult. United States v. Wanless, *supra*, at 1464. The police observation of defendant Gutierrez' long pinky fingernail, which the trooper believed was evidence of cocaine use, likewise lacked the temporal element of *current* probable cause. [Even assuming, *arguendo*, that both religious worship and a long fingernail are indicia of drug activity, religion is typically a long-term belief system, and an extended fingernail may be a feature of one's appearance for years.]

Page 6 — DEFENDANT GUTIERREZ-MONTES' MOTION TO SUPPRESS FRUITS OF STOP, SEARCH AND ARREST OF DEFENDANT

ROBERT W. REID, LLC
*Attorney at Law*
*208 S.W. First Avenue, #220*
*Portland, Oregon 97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

Further, traffic stops have long been recognized in federal law as being subject to a "minimal intrusion" test, requiring that the investigative methods employed should be the least intrusive means reasonable available to verify or dispel the officer's suspicion in a short period of time.  United States v. Sokolow, 490 U.S. 1, 11 (1988);  Florida v. Royer, 460 U.S. 491, 500-501 (1983)( investigative methods employed should be the least intrusive means reasonably available to verify or dispel the officer's suspicion in a short period of time).  It is the government's burden to establish that the stop was sufficiently limited in scope and duration to satisfy the conditions of the investigative seizure.  Id., at 500.

Even dog searches may be properly conducted only if in accordance with the minimal intrusion requirement.  The brevity of the invasion of the individual's Fourth Amendment interests is an important factor in determining whether the seizure is so minimally intrusive as to be justifiable on reasonable suspicion. United States v. Place, 462 U.S. 696, 709 (1983)(finding 90 minute detention for dog search violated Fourth Amendment).  A seizure that is justified solely by the interest in issuing a traffic ticket to the driver can become unlawful if it is prolonged beyond the time reasonably required to complete that mission.  Illinois v. Caballes, 543 U.S. 405, 407-408 (2005)(dog search permissible where entire encounter lasted approximately ten minutes).  The encounter here extended over three and one-half hours, almost entirely due to the police desire to conduct dog searches on the vehicle; it was only at the end of this period that the defendant was arrested for possession of methamphetamine.

Nor was the search of the automobile justified as an inventory search (part of

Page 7 — DEFENDANT GUTIERREZ-MONTES' MOTION TO SUPPRESS FRUITS OF STOP, SEARCH AND ARREST OF DEFENDANT

ROBERT W. REID, LLC
*Attorney at Law*
*208 S.W. First Avenue, #220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

the "community caretaking" function).  Even assuming (while recognizing that it is simply not correct) that a routine inventory search would entail raising one end of the vehicle into the air, probing the undercarriage of a vehicle to locate a hidden compartment in a wheel well and then prying open that compartment, the obvious motive of the police in doing so was not part of any community caretaking function, but rather to discover evidence of a crime. Such a motivation renders the community caretaking function inapplicable.[3]   United States v. Cervantes, No. 09-50521, slip op. (9th Cir., filed May 16, 2012; amended May 17 2012), citing Florida v. Wells, 495 U.S. 1, 4 (1990).

Moreover, the government must justify exercise of the community caretaking function complied with state law and agency procedures.  United States v. Wanless, 882 F.2d 1459, 1463-64 (9th Cir. 1989).  The government will not be able to make this showing.

### (3)  CONCLUSION

The burden of justifying a warrantless stop, search and arrest is upon the government, and the defense cannot necessarily anticipate all arguments the government will make.  If the government makes additional arguments, the defense will request an opportunity to respond to them.

---

[3] Normally, an officer's subjective motivation for making a stop is irrelevant. Whren v. United States, 517 U.S. 806, 811-12 (1996). However, the subjective motivation for conducting an inventory search is an exception to that rule. United States v. Taylor, 636 F.3d 461, 465 (8th Cir. 2011)("The officer's testimony leads us to conclude that the search was conducted because police believed they would find evidence of narcotics in [the defendant's] truck, and thus the inventory was merely a pretext for an investigatory search"); United States v. Cervantes, No. 09-50521 (9th Cir. filed May 16, 2012, amended May 17, 2012)(noting the exception to the Whren rule where inventory search is involved).

Page 8 — DEFENDANT GUTIERREZ-MONTES' MOTION TO
    SUPPRESS FRUITS OF STOP, SEARCH AND ARREST
    OF DEFENDANT

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, #220*
*Portland, Oregon 97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

The fruits of the stop, search and arrest of the defendant on November 18, 2011 should be suppressed, having been obtained in violation of the Fourth Amendment.

* * * * * * *

RESPECTFULLY SUBMITTED this 14th day of June, 2012.

**/s/ Robert Reid (intended as original on electronic filings)**

Robert Reid (OSB #81434)
Attorney for Defendant Gutierrez-Montes

Page 9 — DEFENDANT GUTIERREZ-MONTES' MOTION TO SUPPRESS FRUITS OF STOP, SEARCH AND ARREST OF DEFENDANT

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, #220*
*Portland, Oregon 97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*