Robert W. Reid, LLC
OSB # 81434
breid@ipns.com
208 S.W. First Avenue, Suite 220
Portland, Oregon  97204
tel: (503) 223-7786
fax: (503) 227-2477

Attorney For Defendant GREGORIO GUTIERREZ-MONTES

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>vs.<br><br>GREGORIO GUTIERREZ-MONTES, et al.,<br><br>           Defendants. | No. CR 11-467-10 MO<br><br>**DEFENDANT GUTIERREZ-MONTES' MOTION TO SUPPRESS FRUITS OF WIRETAP INTERCEPTIONS** |

COMES NOW Defendant Gregorio Gutierrez-Montes, through his attorney Robert W. Reid, and hereby moves the Court, pursuant to Title 18 United States code §2510 et seq., and the Fourth Amendment, for orders suppressing the fruits, including derivative evidence, of wire interceptions (or "wiretaps) in this case.

**Specifically, this motion applies to:**

(1) All telephone calls to and from "Target Cellphone A" [503 545-0374]. The first *Application For Order Authorizing Interception of Wire Communications* (Target Cellphone A), dated October 17, 2011, is the central focus of this Motion;

(2) All evidence derived from the interception of Target Cellphone A,

Page 1 — DEFENDANT GUTIERREZ-MONTES' MOTION TO SUPPRESS FRUITS OF WIRETAP INTERCEPTIONS

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, #220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

including the fruits of *later* interceptions of "Target Telephone A," "Target Cellphone B" [503-896-4340] and "Target Cellphone C" [562-676-0639], and any evidence obtained which utilized information obtained through the interception of wiretap interceptions. To the extent that there is a question of whether evidence is derived from the interception of Target Cellphone A, the defense asks for an evidentiary hearing.

* * *

## I. SUMMARY OF ARGUMENTS

### (A) FIRST ARGUMENT

The government failed to comply with the Wiretap Act's material requirement that it set forth:

> (a) a full and complete statement of the facts and circumstances relied upon by the applicant, to justify his belief that an order should be issued, including details as to the particular offense that has been, is being, or is about to be committed;
>
> (b) a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous;

### (B) SECOND ARGUMENT

The actual authorization to make application for this particular wiretap interception was not authorized by the Attorney General;

### (C) THIRD ARGUMENT

The cell site location information (CSLI) sought in the Wiretap Motion was improperly obtained and should be suppressed.

Page 2 — DEFENDANT GUTIERREZ-MONTES' MOTION TO SUPPRESS FRUITS OF WIRETAP INTERCEPTIONS

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, #220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

\* \* \*

## II. PRELIMINARY ISSUES

### (A) IDENTIFICATION AND LOCATION OF PERTINENT DOCUMENTS

The relevant wiretap interception motions, orders, etc. are on record in case number (Misc.) 11-MC-9248. Because of the government's concern that these materials not be made public, counsel will submit the *Application For Order Authorizing Interception of Wire Communications* (Target Cellphone A), dated October 17, 2011 on a CD to the Court and parties, as part of the record, with the agreement of the defense that it may be sealed if requested by the government.

The following exhibits are relevant to this motion, numbered according to discovery Bates stamp, to avoid confusion with intra-document numbering:

**(1) Exhibit no. 000822** = *Application For Order Authorizing Interception of Wire Communications* (Target Cellphone A), dated October 17, 2011 [*not* attached, but on CD submitted with this motion. Includes Bates no. 000822 - 000924];

**(2) Exhibit no. 000833** = Attorney General Order #3055-2009 [attached];

**(3) Exhibit no. 000835** = Department of Justice memorandum, 10/14/11 [attached].

### (B) WIRETAP ACT NOMENCLATURE

Title 18 U.S.C. 2510 *et seq.* will hereafter be referred to as the "Wiretap Act," although it has been known, in various iterations and cases, as "Title I," "Title III," the "Electronic Communications Privacy Act" and the "Wire and Electronic Communications Interception and Interception of Oral Communications Act."

Page 3 — DEFENDANT GUTIERREZ-MONTES' MOTION TO SUPPRESS FRUITS OF WIRETAP INTERCEPTIONS

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, #220*
*Portland, Oregon 97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

**(C) AUTHORITY FOR SUPPRESSION REMEDY**

Wiretap interceptions obtained contrary to law result in suppressible evidence under the Fourth Amendment, <u>Alderman v. United States</u>, 394 US 165, 176 (1969), as well as Title 18 United States Code (U.S.C.) §2518(10)(a), the latter of which provides for suppression of intercepted communications, and evidence derived therefrom if --

(i) the communication was unlawfully intercepted; or

(ii) the Order of authorization or approval under which it was intercepted is insufficient on its face.

*See also:* Title 18 U.S.C. §2515 (mandating exclusion of wiretap interceptions and evidence derived therefrom, if obtained in violation of statutory scheme, from any trial, hearing or grand jury, *et al.*)

**(D) STRICT CONSTRUCTION OF WIRETAP STATUTE IS REQUIRED**

Typically, search warrants are to be construed in a "common sense" non-hypertechnical manner, which allows the Court much leeway in construing the very general terms of the Fourth Amendment. Because wiretap interceptions are a creature of statute, this Court must require "strict adherence" to the procedural steps of the wiretap statutes. <u>United States v. Chavez</u>, 416 U.S. 562, 580 (1974). The wiretap act has been declared constitutional in this Circuit "only because of its precise requirements and its provisions for close judicial scrutiny." <u>United States v. Kalustian</u>, 529 F.2d 585, 589 (9th Cir. 1976). In the absence of such strict adherence to statutory requirements, wiretaps are "flatly prohibited." <u>Gelbard v. United States</u>, 408 U.S. 41, 46 (1972). *See also:* <u>United States v. Reyna</u>, 218 F.3d 1108, 1110 (9th Cir.

Page 4 — DEFENDANT GUTIERREZ-MONTES' MOTION
TO SUPPRESS FRUITS OF WIRETAP INTERCEPTIONS

ROBERT W. REID, LLC
*Attorney at Law*
208 S.W. First Avenue, #220
Portland, Oregon 97204
breid@ipns.com
(503) 223-7786 / Fax (503) 227-2477

2000)("The Act did not reflect an expansive view of wiretapping. To the contrary, the purpose of the legislation 'was effectively to prohibit, on the pain of criminal and civil penalties, all interceptions of oral and wire communications, except those specifically provided for in the Act.'")

### (E) STANDING FOR DEFENDANT GUTIERREZ-MONTES

Defendant Gregorio Gutierrez-Montes has standing to challenge the interception Applications and Orders [see: *Application*], because his telephone calls were intercepted. United States v. Abascal, 564 F.2d 821, 825 (9th Cir. 1977)(defendant whose calls have been intercepted has standing to challenge wiretap). Even a person not named in the wiretap order may have standing if his calls are intercepted. United States v. Chun, 503 F.2d 533, 538 (9th Cir. 1974). *See also:* 18 U.S.C. §2510(11)(defining "aggrieved person") and §2518(10)(a), allowing "aggrieved person" to challenge use and derivative use of interceptions.

Further, where "wire" communications are the subject of the interception – as they are here -- a defendant need not establish any expectation of privacy. United States v. Hall, 488 F.2d 193, 196 (9th Cir. 1973).

*  *  *

### III. ARGUMENTS

### (A) FIRST ARGUMENT

The government failed to comply with the Wiretap Act's material requirement of setting forth:

Page 5 — DEFENDANT GUTIERREZ-MONTES' MOTION TO SUPPRESS FRUITS OF WIRETAP INTERCEPTIONS

ROBERT W. REID, LLC
*Attorney at Law*
*208 S.W. First Avenue, #220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

> (a) a full and complete statement of the facts and circumstances relied upon by the applicant, to justify his belief that an order should be issued, including details as to the particular offense that has been, is being, or is about to be committed;
> (b) a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous.

### (1) Statutory Requirement of Compliance

Title 18 United States Code, section 2518 requires adherence to the statute's material terms before any subsequent use of wiretap interceptions can be made in any respect. That statute provides:

> **Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the United States, a State, or a political subdivision thereof if the disclosure of that information would be in violation of this chapter.**

### (2) Statutory Requirements Violated

The portion of "this chapter" which is violated is section 2518, which provides (in applicable part):

> **(1) Each application for an order authorizing or approving the interception of a wire, oral, or electronic communication under this chapter shall be made in writing upon oath or affirmation to a judge of competent jurisdiction and shall state the applicant's authority to make such application. Each application shall include the following information:**
>
> * * * *
>
> **(b) a full and complete statement of the facts and circumstances relied upon by the applicant, to justify his belief that an order should be issued, including (i) details as to the**

Page 6 —  DEFENDANT GUTIERREZ-MONTES' MOTION
TO SUPPRESS FRUITS OF WIRETAP INTERCEPTIONS

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, #220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

> **particular offense that has been, is being, or is about to be committed....**
>
> \* \* \* \*
>
> **(c) a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous;**
>
> \* \* \* \*

*See:* Title 18 United States Code §2518(1)(b), (c).

### (3)  Government has Demonstrated a Willingness to Comply with *Other* Sections of Statute...

The government is aware of the "full and complete statements" requirements of the statute, as it states, in its *Application For Order Authorizing Interception of Wire Communications (Target Cellphone A)*, dated October 17, 2011, in relation to a *different* statutory requirement, that:

> "The attached affidavit contains a full and complete statement of facts concerning all previous applications which are known to have been made to any judge of competent jurisdiction for approval of the interception of the oral, wire or electronic communications of any of the same individuals, facilities, or premises specified in this Application."

[*Application,* pages 4-5, paragraph 4(D); Bates numbers 000825-000826.]  This requirement is set forth at 18 U.S.C. §2518(1)(e), compliance with which is not here challenged.

### (4) ...But the Government Fails to Comply with Cited Sections of the Same Statute

In contrast with its compliance with §2518(1)(e), the government makes no claims about setting forth a "full and complete" statement as to the details of the offense [§2518(1)(b), cited above] or as to the necessity requirement [§2518(1)(c),

Page 7 —  DEFENDANT GUTIERREZ-MONTES' MOTION TO SUPPRESS FRUITS OF WIRETAP INTERCEPTIONS

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, #220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

cited above].

Rather, the government does just the opposite of setting forth a "full and complete" statement as to these two critical matters, and states as much in its *Affidavit In Support Of Application For Interception Of Wire Communications* (drafted by Walter Monk, Sheriff's Deputy for Washington County, Oregon and member of task force working with D.E.A.; dated September 17, 2011), which was incorporated into the *Application* [at page 4, paragraph 4; Bates number 000824]. The affidavit states, instead, that:

> **Because this affidavit is being submitted for the limited purpose of securing an order authorizing the interception of wire communications, I have not included details of every aspect of this investigation. I have set forth only the facts that I believe are essential to establish the required foundation for such an order."**

[Page 10 of *Affidavit in Support*, paragraph 19; Bates number 000846.]

Whatever reason for inclusion of this language -- perhaps to ward off claims under Franks v. Delaware, 438 U.S. 154 (1978) -- it effectively undermines and contradicts any claim of a "full and complete" statement as to either the facts of the case or as to the required necessity showing under §2518(b) and (c). The issuing Court is never told what "aspect of the investigation" is not fully reported, nor what facts have been omitted. There is not even any claim that only non-material facts have been omitted, nor that facts contradictory to those stated were not suppressed.

The affiant's statement that he set forth "only the facts that *I believe* are essential to establish the required foundation for such an order" [emp. added] only highlights the importance of this failure to comply with the statutory dictates. For it is not the affiant, nor the United States Attorney, nor the Department of Justice itself which has *any* authority to determine what is or is not "essential" to the foundation

Page 8 — DEFENDANT GUTIERREZ-MONTES' MOTION TO SUPPRESS FRUITS OF WIRETAP INTERCEPTIONS

ROBERT W. REID, LLC
*Attorney at Law*
*208 S.W. First Avenue, #220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

for an interception order.  Making that determination is the province of the judiciary alone, both by statute and constitutionally under the Separation of Powers doctrine.

And it is *precisely* so that the Court may make a determination of whether an interception order should issue that the statute requires a "full and complete" statement as to the facts and circumstances of the case and the necessity showing under §2518(b) and (c).  By omitting facts – and by not telling the Court either the nature or quantity of the omission – the government ultimately controls the picture seen by the Court.  This is exactly the *opposite* of what the "full and complete" statement" requirement.

Although the Department of Justice may wish it otherwise, it is not the role of the judiciary to become a "rubber stamp" for DOJ opinions and determinations. United States v. Kalustian, 529 F.2d 585, 589 (9th Cir. 1976):

> "Within our prescribed limits, however, the utmost scrutiny must be exercised to determine whether wiretap orders conform to Title III. The Act has been declared constitutional only because of its precise requirements and its provisions for close judicial scrutiny. [*Cits. omitted.*] Our view of wiretap orders must ensure that the issuing magistrate properly performed his function and did not serve merely as a rubber stamp for the police."

**(5) What was Omitted?**

This is not a situation such as that presented in Franks v. Delaware, 438 U.S. 154 (1978) in which the defense must meet the often impossible burden of demonstrating what was omitted.  This is a *facial* challenge to the validity of the Wiretap motion itself, based upon the requirements of strict construction of the Wiretap Act.  United States v. Kalustian, *supra*.  Placing a burden on the defense to prove what cannot be proven would reward the government for noncompliance with the Act.

Page 9 —  DEFENDANT GUTIERREZ-MONTES' MOTION TO SUPPRESS FRUITS OF WIRETAP INTERCEPTIONS

ROBERT W. REID, LLC
*Attorney at Law*
*208 S.W. First Avenue, #220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

That said, there is one omission that is apparent from review of discovery and the face of the *Application*, which goes to the heart of the Necessity showing, and demonstrates the point made above, that the prosecution is statutorily prohibited from picking and choosing what information it presents to the Court and what information it omits. The government failed to inform the Court of the full extent of the use of both vehicle trackers and the use of cell site location information to effectively cause a cellphone to function as a human tracking device.

**Vehicle Tracking:** It is proffered that, from the discovery reports, the government made extensive use of vehicle tracking devices for which no known prior Court authorizations were issued. These include the tracking of a VW Jetta, a white Nissan Altima, a red Chevrolet Aveo, a silver Chevrolet Impala, a Dodge Caravan, a black Toyota Camry, a Chrysler 300, as well as tracking -- *prior to* the issuance of a judicial tracking order -- of the red Toyota Solara in which this defendant was arrested on November 18, 2011.[1] Vehicle tracking quite obviously played an important role in this investigation, as it pinpointed the location of suspects so that surveillance could be conducted. Yet the government does not even discuss this important tool, in its Necessity showing, in the list of investigative procedures which it considered inadequate.

**CSLI:** Perhaps even more critical to the government's investigation was the use of cellphones to track individuals. By the use of cell site location information

---

[1] It is possible that all 21 of the vehicles identified by the government to the defense as suspect vehicles, or even more not so identified, were tracked: we simply do not know because the government hasn't included this information in the *Application*. A motion to reveal this information will be filed concurrently with this Motion.

Page 10 — DEFENDANT GUTIERREZ-MONTES' MOTION TO SUPPRESS FRUITS OF WIRETAP INTERCEPTIONS

ROBERT W. REID, LLC
*Attorney at Law*
*208 S.W. First Avenue, #220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

(CSLI), the government obtained precise location data upon which to base surveillance and other follow-up investigation. As set forth in *Defendant Gutierrez-Montes' Motion to Suppress Acquisition and Use of Cellphone Site Location Information*, filed this date, it is noted that the government apparently accessed cell site location information for several telephones (in addition to Target Cellphone A) for many months -- as part of this investigation -- prior to making the *Application* here in question. Yet again, it makes only sporadic mention of the use of such location information [See: *Defendant Gutierrez-Montes' Motion to Suppress Acquisition and Use of Cellphone Site Location Information*, at section III(D)], and then never fully informs the court (in its Necessity showing or elsewhere) of how extensively such information was accessed and to what use it was put. The problem here is that, again, the government substitutes *it's own judgment* as to what the issuing Court should know in assessing Necessity, rather than providing all of the facts to let the Court make its own decision as the statutory scheme requires. The fact that CSLI was obtained on an unconstitutional showing of less than probable cause [*see: Motion, Id.*] may explain why this factor was omitted, but the government's reasoning is ultimately irrelevant.

These are but two examples of what the government omitted from its *Application*. How many more such examples are available must remain unknown, as the prosecution chose to present only those facts which it considered favorable to its own interests, rather than complying with Title 18, U.S.C. §2518(1)(b) and (c).

**(B)  SECOND ARGUMENT**

**The Actual Authorization to Make Application for this Particular Wiretap Interception was Not Properly Authorized by the Attorney General**

Page 11 — DEFENDANT GUTIERREZ-MONTES' MOTION TO SUPPRESS FRUITS OF WIRETAP INTERCEPTIONS

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, #220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

**(1) The Government Relied Upon the Authorization Designated by the Attorney General as its Authority in Making the Application**

The *Application For Order Authorizing Interception Of Wire Communications* for Target Cellphone A ("*Application*") states, as the authority for the making of the application:

> **3.** Pursuant to Section 2516 of Title 18, United States Code, the Attorney General of the United States has specially designated the Assistant Attorney General, any Acting Assistant Attorney General, any Deputy Assistant Attorney General or any acting Deputy Assistant Attorney General of the Criminal Division to exercise the power conferred on the Attorney General by Section 2516 of Title 18, United States Code, to authorize this Application. Under the power designated to him by special designation of Attorney General Eric H. Holder, Jr. pursuant to Order Number 3055-2009, dated February 26, 2009, Kenneth A. Blanco, an appropriate official of the Criminal Division has authorized this Application. Attached to this Application and incorporated by this reference as Exhibits 1 and 2 are copies of the Attorney General's order of special designation and the Memorandum of Authorization approving this Application.

[*See: Application*, page 3, paragraph 3; Bates number 000824.]

The exhibits relied upon by the government are at (attached) Motion Exhibit 000833 [for *Application* exhibit 1] and (attached) Motion Exhibit 000835 [for *Application* exhibit 2].

**(2) The Statute Authorizes the Government to Rely Upon Properly Delegated Authority of the Attorney General in Making the Application**

Title 18, United States Code, §2516(1), provides:

> **(1)** The Attorney General, Deputy Attorney General, Associate Attorney General, or any Assistant Attorney General, any acting Assistant Attorney General, or any Deputy Assistant Attorney General or acting Deputy Assistant Attorney General in the

Page 12 — DEFENDANT GUTIERREZ-MONTES' MOTION TO SUPPRESS FRUITS OF WIRETAP INTERCEPTIONS

ROBERT W. REID, LLC
*Attorney at Law*
208 S.W. First Avenue, #220
Portland, Oregon 97204
breid@ipns.com
(503) 223-7786 / Fax (503) 227-2477

>**Criminal Division or National Security Division specially designated by the Attorney General, may authorize an application to a Federal judge of competent jurisdiction for, and such judge may grant in conformity with section 2518 of this chapter an order authorizing or approving the interception of wire or oral communications by the Federal Bureau of Investigation, or a Federal agency having responsibility for the investigation of the offense as to which the application is made, when such interception may provide or has provided evidence of -** [*The statute then lists crimes for which application may be made.*]

In short, under the statute utilized by the government, the following officials may authorize an application for a wiretap:

    (1)  The Attorney General

    (2)  Deputy Attorney General

    (3)  Associate Attorney General

    (4)  any Assistant Attorney General

    (5)  any acting Assistant Attorney General

    (6)  any Deputy Assistant Attorney General

    (7)  [any] acting Deputy Assistant Attorney General in the Criminal Division or National Security Division specially designated by the Attorney General.

**(3) The Attorney General's Order Limits Who may Make Application for Wiretap Interceptions:**

In Motion Exhibit 000833, Attorney General Eric H. Holder, Jr. authorizes the following to make wiretap applications [*excluding those involving national security, not relevant here*]:

– The Assistant Attorney General in charge of the Criminal Division;

– Any Acting Assistant Attorney General in charge of the Criminal Division;

– Any Deputy Assistant Attorney General of the Criminal Division; and

Page 13 — DEFENDANT GUTIERREZ-MONTES' MOTION TO SUPPRESS FRUITS OF WIRETAP INTERCEPTIONS

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, #220*
*Portland, Oregon 97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

– Any Acting Deputy Assistant Attorney General of the Criminal Division.

[Exhibit Motion 000833, para. 1.]

**(4) The Actual Authorization to Make Application for this Particular Wiretap Interception Falls Short of the Attorney General's Authorization**

The crux of the problem with the government's reliance upon the Attorney General's authorization, is that the *subsequent* authorization letter, Motion Exhibit 000835 [or government exhibit #2 to the *Application*], was not issued by anyone authorized by the Attorney General's order to authorize the *Application* itself.

That *subsequent* "Authorization for Interception Order Application," dated October 14, 2011, is in the form of a Memorandum from Lanny A. Breuer, an "Assistant Attorney General / Criminal Division." It's recipient is Paul M. O'Brien, Director / Office of Enforcement Operations / Criminal Division." [Motion Exhibit 000835.]

This Memorandum purports to rely upon the terms of the Attorney General's Order number 3055-2009 [Motion Exhibit 000833]. Mr. Breuer states that "As a duly designated official in the Criminal Division, this power is exercised by the undersigned." [Motion Exhibit 000835, pgs. 1-2.] But Mr. Breuer is *not* in fact a "duly designated official in the Criminal Division," as he is an "Assistant Attorney General / Criminal Division," [*Id.*, page 1] but he is *not* "in charge of the Criminal Division" as the Attorney General's Order would require. Nor does he fit within any of the other three *authorized* titles set forth in the Attorney General's Order [Motion Exhibit 000833] cited above.

The government might respond that the actual signatory of the Memorandum

Page 14 — DEFENDANT GUTIERREZ-MONTES' MOTION TO SUPPRESS FRUITS OF WIRETAP INTERCEPTIONS

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, #220*
*Portland, Oregon 97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

is Kenneth A. Blanco, who is in fact, by his signature stamp, a "Deputy Assistant Attorney General / Criminal Division." Such a title *would* come within the ambit of the Attorney General's order, but Mr. Blanco is merely signing for Mr. Breuer: it is Mr. Breuer, not Mr. Blanco, upon whose authority the Memorandum is issued. [Motion Exhibit 000835, p. 2.] And Mr. Breuer has no authority under the Attorney General's Order to authorize anything in this case. Mr. Blanco's signature, on an ineffectual Memorandum, has no legal effect.

In past cases, improper designation of the authorizing official *in the Application itself* has not resulted in suppression, when the authorizing documents were in fact issued by the proper authority and those documents were part of the application. *See:* United States v. Callum, 410 F.3d 571 (9th Cir. 2005)(summarizing caselaw on the subject). But this case presents a very different situation. Here, it is the documents themselves which fail to establish proper authorization. In such a case, suppression is required. United States v. Giordano, 416 US 505 (1974). In Giordano, suppression was required where the authorizing official lacked statutory authority to make that approval. Even though this was a statutory violation, the Court held that suppression was required. Id., at 527:

> **"...we think Congress intended to require suppression where there is failure to satisfy any of those statutory requirements that directly and substantially implement the congressional intention to limit the use of intercept procedures to those situations calling for the employment of this extraordinary investigative device."**

The requirements of §2516(1) are not mere technicalities, they are at the heart of the Congressional scheme to limit wiretap authorizations to statutorily defined parameters. United States v. King, 478 F.2d 494, 505 (9th Cir. 1973).

Page 15 — DEFENDANT GUTIERREZ-MONTES' MOTION TO SUPPRESS FRUITS OF WIRETAP INTERCEPTIONS

ROBERT W. REID, LLC
*Attorney at Law*
*208 S.W. First Avenue, #220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*

\* \* \*

## (C) THIRD ARGUMENT

### The Cell Site Location Information Sought in the Wiretap Motion was Improperly Obtained and Should be Suppressed

In this investigation, the government used at least two methods of locating cell site location information (CSLI), which enabled the government to effectively turn Target Cellphone A into a tracking device. One of these methods was by insertion of language into the Wiretap Motion and corresponding Order for Target Cellphone A to obtain such location information. [*See:* Motion Exhibit 000822.]

The argument demonstrating the invalidity of the government's showing is set forth in a separate motion, *Defendant Gutierrez-Montes' Motion to Suppress Acquisition and Use of Cellphone Site Location Information*. That argument, being relevant as well to wiretap issues, is incorporated herein.

\* \* \*

## IV. CONCLUSION

For all of the foregoing reasons, the evidence seized under the Orders issued pursuant to the government's *Application For Order Authorizing Interception of Wire Communications* (Target Cellphone A), dated October 17, 2011, should be suppressed. Derivative evidence obtained from subsequent interceptions, obtained in reliance upon this original *Application,* should also be suppressed.

RESPECTFULLY SUBMITTED this 14th of June, 2012.

**/s/ Robert Reid (intended as original on electronic filings)**

---

Robert Reid (OSB #81434)
Attorney for Defendant Gutierrez-Montes

Page 16 —  DEFENDANT GUTIERREZ-MONTES' MOTION TO SUPPRESS FRUITS OF WIRETAP INTERCEPTIONS

*ROBERT W. REID, LLC*
*Attorney at Law*
*208 S.W. First Avenue, #220*
*Portland, Oregon  97204*
*breid@ipns.com*
*(503) 223-7786 / Fax (503) 227-2477*



# Office of the Attorney General
Washington, D.C.

ORDER NO. 3055-2009

## SPECIAL DESIGNATION OF CERTAIN OFFICIALS OF THE CRIMINAL DIVISION AND NATIONAL SECURITY DIVISION TO AUTHORIZE APPLICATIONS FOR COURT ORDERS FOR INTERCEPTION OF WIRE OR ORAL COMMUNICATIONS

By virtue of the authority vested in me as the Attorney General, including 28 U.S.C. § 510, 5 U.S.C. § 301, and 18 U.S.C. § 2516(1), and in order to preclude any contention that the designations by the prior Attorney General have lapsed, the following officials are hereby specially designated to exercise the power conferred by section 2516(1) of title 18, United States Code, to authorize applications to a Federal judge of competent jurisdiction for orders authorizing or approving the interception of wire and oral communications by the Federal Bureau of Investigation or a Federal agency having responsibility for the investigation of the offense(s) as to which such application is made, when such interception may provide evidence of any of the offenses specified in section 2516 of title 18, United States Code:

1. The Assistant Attorney General in charge of the Criminal Division, any Acting Assistant Attorney General in charge of the Criminal Division, any Deputy Assistant Attorney General of the Criminal Division, and any Acting Deputy Assistant Attorney General of the Criminal Division;

2. The Assistant Attorney General for National Security, any Acting Assistant Attorney General for National Security, any Deputy Assistant Attorney General for National Security, and any Acting Deputy Assistant Attorney General for National Security, with respect to those matters delegated to the supervision and responsibility of the Assistant Attorney General for National Security. These officials of the National Security Division shall exercise this authority through, and in full coordination with, the Office of Enforcement Operations within the Criminal Division.

Attorney General Order No. 2943-2008 of January 22, 2008, is revoked effective at 11:59 p.m. of the day following the date of this order.

2-16-09
Date

Eric H. Holder, Jr.
Attorney General



**U.S. Department of Justice**

Criminal Division

Washington, DC 20530

OCT 14 2011

**MEMORANDUM**

TO:      Paul M. O'Brien, Director
         Office of Enforcement Operations
         Criminal Division

ATTN:    Geoffrey A. Barrow

FROM:    Lanny A. Breuer
         Assistant Attorney General
         Criminal Division

SUBJECT: Authorization for Interception Order Application

    This is with regard to your recommendation that an appropriately designated official of the Criminal Division authorize an application to a federal judge of competent jurisdiction for an order under Title 18, United States Code, Section 2518, authorizing for a thirty (30) day period the interception of wire communications occurring to and from the cellular telephone bearing the number (503) 545-0374, subscribed to by Carlos Barrera, P.O. Box 54988, Irvine, California, and accessed by International Mobile Subscriber Identity ("IMSI") number 316010158206899, in connection with an investigation into possible violations of Title 21, United States Code, Sections 841, 843, and 846, by Hugo Gonzalez-Pasaye, Adrian Gonzalez-Pasaye, Sergio Alejandro Lopez, "Bolsitas," Guadalupe Torres, Marco Rosas-Ramirez, Ricky Valero, Yolanda Solis-Molina, Ricardo Delgado-Garcia, "Meno," and others as yet unknown.

    By virtue of the authority vested in the Attorney General of the United States by Section 2516 of Title 18, United States Code, the Attorney General has by Order Number 3055-2009, dated February 26, 2009, designated specific officials in the Criminal Division to authorize applications for court orders authorizing the interception of wire or oral communications. As a duly

Motion Exhibit 000835
[Bates No. 000835 - 000836]

BIGFOOT_000835

designated official in the Criminal Division, this power is exercisable by the undersigned. WHEREFORE, acting under this delegated power, the appropriately designated official authorizes the above-described application to be made by any investigative or law enforcement officer of the United States as defined in Section 2510(7) of Title 18, United States Code.

The authorization given is intended to apply not only to the target telephone number listed above, but also to any other telephone number or telephone accessed through the above-referenced IMSI number, and to any other IMSI number accessed through the target telephone number referenced above, within the thirty day period. The authorization is also intended to apply to the target telephone number referenced above regardless of service provider, and to background conversations intercepted in the vicinity of the target telephone while the telephone is off the hook or otherwise in use.

Lanny A. Breuer
Assistant Attorney General
Criminal Division

OCT 1 4 2011

Date

*[signature]*

KENNETH A. BLANCO
DEPUTY ASSISTANT ATTORNEY GENERAL
CRIMINAL DIVISION

Motion Exhibit 000835
[Bates No. 000835 - 000836]